IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

JOHN WAYS,

Petitioner,

vs.

NICOLE ALLISON, Director, et al., of Dismas Charities, Inc., of Omaha, Nebraska; at 506 Crown Point Ave. Omaha, Nebraska, 68110; a contractor and designee Of the Federal Bureau of Prisons;

Respondent.

**8:24CV219**

**MEMORANDUM AND ORDER**

This matter is before the Court on initial review of Petitioner John Ways' ("Ways" or "Petitioner") Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. Filing No. 1. The Court conducts this initial review of the petition pursuant to 28 U.S.C. § 2243 and Rule 1(b) of the *Rules Governing Section 2254 Cases in the United States District Courts* which allows the Court to apply Rule 4 of those rules to a section 2241 action. "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief," the Court must dismiss the petition. Rule 4 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

## I. BACKGROUND

Ways filed his petition on June 13, 2024, and named as respondent Nicole Allison ("Allison"), Director of Dismas Charities, Inc., of Omaha, Nebraska ("Dismas"), a contractor and designee of the Federal Bureau of Prisons ("BOP"). Filing No. 1. When he filed his petition, Ways was on home confinement pursuant to Allison's order. *Id*. at 1, 9. Though not clearly alleged, at the time he filed his petition, Ways was serving a

sentence imposed by the undersigned on March 27, 2015, in case number 8:12CR391. *See Id*. at 8. In case number 8:12CR391, Ways was found guilty on counts I, II, and III of the superseding indictment on August 27, 2014, and was sentenced to 36 months on count I and 180 months each on counts II and III, to run concurrently, followed by concurrent terms of supervised release of one year on count I and three years each on counts II and III. Filing No. 716, Case No. 8:12CR391.

Ways' petition is written in narrative form, making it difficult to discern the specific grounds upon which he seeks habeas relief. As the Court understands it, Ways argues that Dismas improperly required Ways to undergo electronic monitoring after he had completed 85% of his sentence in contravention of BOP policy and 18 U.S.C. § 3624(g). Filing No. 1 at 6. Ways also alleges that he was denied "the Statutes benefits for 'THE SECOND CHANCE ACT' and the 'FIRST STEP ACT' as well as the Federal Statutes Requirement for the FBOP and Earned Time away from the Institution which is called 'Earned Time Credits' under the (SCA) and the (FSA)," *Id*., and that the BOP has not provided Ways with "the Required Identification," i.e. a driver's license, as required by 18 U.S.C. § 4042(a)(6), *Id*. at 10. Ways goes on to state that he "is to be released from the Custody of the FBOP as of 01 October 2024, after serving a sentence imposed of 180 Months," and he "has not been provided with the proper time in the Community or (CCC) under the (SCA), and the (FSA)," as well as "an additional 6 months in Community Corrections in addition to whatever else time [is] earn[ed]" for successfully completing "the Drug Treatment Program, which [Ways] did." *Id*. at 8–9.

Due to this alleged failure to provide Ways the benefit of all the credit to which he is entitled, Ways asks the Court

> to take off all Earned Time that Your Petitioner has earned but not been provided from off the back end; said another way, all unused time should be removed from any time that remains on Supervised Release, meaning, if a year has been earned and withheld, that time should shorten the Three years imposed for Supervi[s]ed release by a year. From three (3) to two (2). That would be Equitable and fair.

*Id*. at 9 (capitalization and emphasis in original). Ways also asks the Court to make Dismas and Allison "comply with the law; comply with relevant 'CFRs'; undergo proper training; abate from making up rules as they go along; [and] provide this Citizen with the requirements of 18 U.S.C. § 4042(B)(C)." *Id*. at 11–12 (capitalization altered from original).

As of October 1, 2024, Ways is no longer in BOP custody. See *Inmate Locator*, Federal Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Nov. 20, 2024).

## II. DISCUSSION

Because Ways is no longer in BOP custody, his claims for habeas relief against BOP contractor and designee Dismas and its director Allison have been rendered moot. As the Eighth Circuit Court of Appeals has explained,

> "Article III of the United States Constitution limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Haden v. Pelofsky*, 212 F.3d 466, 469 (8th Cir.2000); *see* U.S. Const. art. III, § 2, cl. 1. "When, during the course of litigation, the issues presented in a case 'lose their life because of the passage of time or a change in circumstances . . . and a federal court can no longer grant effective relief,' the case is considered moot." *Id*. (quoting *Beck v. Mo. State High Sch. Activities Ass'n*, 18 F.3d 604, 605 (8th Cir.1994) (alteration in original)); *see also Spencer v. Kemna*, 523 U.S. 1, 7, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998) (stating an action becomes moot where it "no longer present[s] a case or controversy under Article III"). If an issue is moot in the Article III sense, we have no discretion and must dismiss the action for lack of jurisdiction. *See Powell v. McCormack*, 395 U.S. 486, 496 n. 7, 89 S.Ct. 1944, 23 L.Ed.2d 491 (1969).

*Ali v. Cangemi*, 419 F.3d 722, 723–24 (8th Cir. 2005).

Because Ways was released from BOP custody on October 1, 2024, this Court cannot grant him the relief he requests against Allison and Dismas, such as requiring them to comply with relevant law, to undergo training, and to provide Ways with a driver's license under 18 U.S.C. § 4042(a)(6).[1] Also, to the extent Ways asserts that he should have been released to prerelease custody or home confinement sooner and not subjected to electronic monitoring while in such custody, those claims are moot. *See Zimmer v. Marske*, No. 21-CV-284-JDP, 2022 WL 4016623, at *1 (W.D. Wis. Sept. 2, 2022) (Petitioner's claim he was entitled to certain earned time credit was moot after his release because "if [court] granted this relief, it would not affect him now that the BOP has released him. 'The fact remains that he is now released and the amount of time that he spent in prison cannot be undone.'" (quoting *Eichwedel v. Curry*, 700 F.3d 275, 279 (7th Cir. 2012))).

Though Ways has been released from BOP custody, he still would be in "custody" for habeas purposes if he is currently serving his term of supervised release, which the Court presumes he is. *Wilson v. Fikes*, No. 19-CV-1942-SRN-KMM, 2019 WL 7593244, at *2 (D. Minn. Aug. 27, 2019), *report and recommendation adopted*, No. 19-CV-1942

[1] The Court notes that the language of 18 U.S.C. § 4042(a)(6) simply requires the BOP to:

> (6) establish prerelease planning procedures that *help* prisoners—
>
> > (A) apply for Federal and State benefits upon release (including Social Security benefits, and veterans' benefits);
> >
> > (B) obtain identification, including a social security card, driver's license or other official photo identification, and a birth certificate; and
> >
> > (C) secure such identification and benefits prior to release from a sentence to a term of imprisonment in a Federal prison or if the individual was not sentenced to a term of imprisonment in a Federal prison, prior to release from a sentence to a term of community confinement, subject to any limitations in law.

18 U.S.C. § 4042(a)(6) (emphasis added).

(SRN/KMM), 2019 WL 6318621 (D. Minn. Nov. 26, 2019) ("[A] person subject to conditions of supervised release remains 'in custody' as that phrase has been construed within the context of habeas litigation."). In addition, because Ways also requests relief in the form of application of time credits earned under the First Step Act ("FSA") to his term of supervised release, a habeas writ naming a proper respondent with current custody over Ways could still potentially provide him with relief. *Spurlin v. U.S. Prob. Off.*, No. 6:23-CV-6109-SOH, 2024 WL 833193, at *2 (W.D. Ark. Jan. 31, 2024), *report and recommendation adopted*, No. 6:23-CV-06109, 2024 WL 823202 (W.D. Ark. Feb. 26, 2024).

However, even if Ways were to assert his earned time credit claim against his current custodian, the Court concludes such claim fails on the merits. Liberally construed, Ways contends he did not receive the benefit of all the time he earned under 18 U.S.C. § 3632(d)(4) and his unused earned time credits should be applied to reduce his term of supervised release. Section 3632(d)(4) allows prisoners to accumulate time credits for participation in "evidence-based recidivism reduction programming or productive activities" and explains that those time credits "shall be applied toward time in prerelease custody or supervised release." 18 U.S.C. § 3632(d)(4)(A) & (C).

While "[o]ne court has ascribed to the view that the above language 'provides that [FSA time credits] may be applied to [reduce] a term of supervised release[,]' *Dyer v. Fulgham*, No. 1:21-cv-0299 (CLC/CHS), 2022 WL 1598249, at *3 (E.D. Tenn. May 20, 2022)[,] . . . . there is a long and growing line of cases holding to the contrary, both within and outside this Circuit." *Davis v. Rardin*, No. 22-CV-2854 (JRT/DLM), 2024 WL 209172, at *5 (D. Minn. Jan. 19, 2024) (gathering cases rejecting *Dyer*), *report and*

*recommendation adopted*, No. CV 22-2854 (JRT/DLM), 2024 WL 841268 (D. Minn. Feb. 28, 2024). The reasoning of the court in *Davis* is persuasive, and the Court adopts it as its own:

> If § 3632(d)(4)(C) provided that time credits shall be applied *to reduce a term of supervised release*, then the Court might agree with the decision reached in *Dryer* [sic]. But the statute provides that time credits shall be applied *toward* supervised release. Use of the word "toward" means that credits can be applied to bring "time in prerelease custody or supervised release" closer to occurring because credits applied "toward" something generally means to bring that something closer to happening. Black's Law Dictionary (11th ed. 2019) (defining "toward," in relevant part, as "in the direction of; on a course or line leading to (some place or something)").

*Davis*, 2024 WL 209172, at *6 (quoting *United States v. Calabrese*, No. 1:11-cr-00437, 2023 WL 1969753, at *2 (N.D. Ohio Feb. 13, 2023)). The *Calabrese* court's statutory interpretation adopted by the *Davis* court "is more faithful to the statutory text" and "[e]very court to consider *Dyer* and *Calabrese* has sided with *Calabrese*." *United States v. Calhoun*, No. 3:08-cr-0077 (DPJ/LGI), 2023 WL 7930053, at *3 (S.D. Miss. Nov. 16, 2023) (citing *Gonzalez v. Pierre-Mike*, No. 1:23-cv-11665 (IT), 2023 WL 5984522, at *5 (D. Mass. Sept. 14, 2023)); *see also Guerriero v. Miami RRM*, No. 24-10337, 2024 WL 2017730, at *3 (11th Cir. May 7, 2024) ("Every case to address this issue has agreed with the interpretation set out above, save only one: *Dyer v. Fulgam*, 2022 WL 1598249, at *1 (E.D. Tenn. May 20, 2022), *appeal dismissed as moot*, *Dyer v. Fulgam*, No. 22-5608 (6th Cir. June 6, 2023).").

Based on the foregoing authority, the Court concludes that Ways' attempt to have any unused earned time credits applied to reduce his term of supervised release must be rejected.

**III. NO CERTIFICATE OF APPEALABILITY REQUIRED**

Finally, 28 U.S.C. § 2253, which requires a district court to consider whether to issue a certificate of appealability ("COA") on appeal, applies to appeals from the denial or dismissal of habeas petitions under 28 U.S.C. § 2254, habeas petitions by state prisoners under 28 U.S.C. § 2241, and motions to vacate sentence by federal prisoners under 28 U.S.C. § 2255. However, a federal prisoner appealing the denial or dismissal of a § 2241 petition is not required to obtain a COA. *Langella v. Anderson*, 612 F.3d 938, 939 n.2 (8th Cir. 2010) (citing *Murphy v. United States*, 199 F.3d 599, 601 n.2 (2d Cir. 1999)). *See also Montez v. McKinna*, 208 F.3d 862, 866-67 (10th Cir. 2000) (A COA is required to appeal "the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court" or "the final order in a proceeding under section 2255;" thus, a state prisoner needs a COA to appeal a § 2241 or § 2254 judgment, but a federal prisoner needs a COA only for a § 2255 appeal, not § 2241.). Because Ways challenged only his detention by federal authorities and is presently on federal supervised release, the Court determines that Ways is exempt from the COA requirement.

**IV. CONCLUSION**

The Court concludes that Ways' habeas petition must be dismissed as his claims for relief against the named respondent are moot due to his release from BOP custody and the Court cannot apply any potentially unused earned time credits to reduce his term of supervised release.

IT IS THEREFORE ORDERED that: Petitioner John Ways' habeas petition, Filing No. 1, is dismissed without prejudice. A separate judgment will be entered.

Dated this 27th day of November, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge